■ DUDLEY FEIT, Respondent, v. WARD BAKING COMPANY, Appellant.— Order, entered October 7, 1965, in this stockholder's derivative action denying defendant's motion to relieve it from the form of its consent to an order of Special Term entered November 27, 1965, unanimously reversed, on the law, on the facts, and in the exercise of discretion, to the following extent and on the following conditions: that defendant-appellant stipulate that if it should eventually obtain an order upon and as a result of any appeal from the present order (or as it may be modified as a consequence of this appeal) granting security pursuant to section 627 of the Business Corporation Law which exceeds the sum heretofore allowed by Special Term by more than twice that sum, plaintiff shall have not less than six months from the entry of such order increasing the amount of security in which to provide any additional security or to procure the intervention or participation of additional stockholders, as allowed by statute, in order to avoid the putting up of additional security and on the further condition that defendant-appellant pay to plaintiff-respondent the costs of this appeal in the amount of $50 and the disbursements thereof. Such stipulation and payment of costs and disbursements is to be made within 10 days after service of the order herein with notice of entry thereof, and in the event that such stipulation and payment of costs and disbursements is not made within the time provided then the order appealed from is affirmed, with $50 costs and disbursements to plaintiff-respondent against defendant-appellant. Defendant-appellant should have been relieved of the terms of the stipulation to the extent of preserving its right to appeal. It is evident from the terms of the stipulation and from the undisputed circumstances surrounding its making that there was an omission in draftsmanship caused only by the assumption, which proved to be unjustified, that if security was allowed that it would not be allowed in a sum as small as $2,500. Under the circumstances, therefore, the court's discretion should have been and should now be exercised to relieve defendant-appellant of the consequences of that inadvertent omission. On the other hand, because of defendant-appellant's responsibility in contributing to the situation it should pay the costs and disbursements of the appeal to plaintiff-respondent. And in order to make sure that plaintiff-respondent is not disadvantaged unjustly, plaintiff-respondent should have especially extended time within which to put up additional security if any should be required, and also to procure additional stockholders, in order to avoid the necessity of putting up additional security. in making the present determination the court assumes for the purposes of this

appeal only, but does not find, that the security heretofore directed at Special Term is inadequate. That assumption is, in no aspect of the matter, available to defendant-appellant on any appeal it may be able to take with respect to the amount of security required by the statute. Settle order on notice. Concur — Botein, P. J., Breitel, Valente, Eager and Steuer, JJ.